386 A.2d 991

**COMMONWEALTH of Pennsylvania**

v.

**George SOLOMON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 14, 1977.

Decided April 13, 1978.

Arthur K. Dils, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, Harrisburg, and LeRoy S. Zimmerman, District Attorney, Harrisburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken from judgments of sentence rendered following jury trial and adjudications of guilt on two indictments charging that, on separate occasions, appellant violated "The Controlled Substance, Drug, Device and Cosmetic Act", by delivering a controlled substance, viz., heroin, (six bags thereof) on each occasion. Act of 1972, April 14, P.L. 233, § 13, 35 P.S. § 780–113(a)(30). Both appeals, although

separately numbered, involve the same allegations of trial error, and we have considered the appeals together, limiting our discussion herein to appellant's two assignments of error.

During jury selection, appellant requested twenty peremptory challenges. The lower court refused, pointing out that the proper number of such challenges to jurors in a case of this nature was eight. Appellant has preserved this argument for our consideration and now proposes that the crimes charged, being felonies for which the maximum imprisonment is fifteen years,[1] equate with crimes for which exclusive jurisdiction resided in the now-abolished courts of oyer and terminer. We disagree.

■ Prior to the abolition on January 1, 1969, of the courts of oyer and terminer and general jail delivery (O. & T.), and quarter sessions of the peace, pursuant to the *Pennsylvania Constitution,* Schedule, Article 5, § 4, those crimes over which O. & T. had exclusive jurisdiction were found in the Act of 1860, March 31, P.L. 427, 17 P.S. § 391. Drug offenses, as they may have been defined as crimes in the now-repealed "Drug, Device and Cosmetics Act", Act of 1961, Sept. 26, P.L. 1664, 35 P.S. § 780–1 *et seq.,* and its forbears, were not under O. & T.'s exclusive jurisdiction. Rather these crimes were triable in the courts of quarter sessions, which had "jurisdiction in cases of fines, penalties or punishments, imposed by any act of assembly, for offenses, misdemeanors or delinquencies, except where it shall be otherwise expressly provided and enacted." Act of 1860, March 31, P.L. 427, 17 P.S. § 361(V). No provision in the "Drug, Device and Cosmetics Act", *supra,* provided otherwise. Thus we disagree with appellant's self-serving and unsupported conclusion that criminal acts violative of "The Controlled Substance, Drug, Device and Cosmetic Act", *supra,* which replaced the former drug act on June 14, 1972, approximately three years after abolition of both oyer and terminer and quarter sessions, equate with crimes tried in O. & T.

1. See Act, *id.,* 35 P.S. § 780–113(f)(1).

■ So concluding, we look to the Act of 1901, March 6, P.L. 16, 19 P.S. § 811, to find that Commonwealth and defendant are each entitled to eight peremptory challenges in the trials of felonies not exclusively under the jurisdiction of O. & T. If the crime charged was exclusively under the jurisdiction of O. & T., then the number of such challenges was increased to twenty. Again we reiterate our conclusion that drug violations of the instant type were to be brought before the courts of quarter sessions when they were extant. The numbers of allowed peremptory challenges in criminal cases remained the same after the January 1, 1969, consolidation of courts under one court of common pleas in each district, pursuant to *Pa.R.Crim.P.Rule 1126.*[2] Consequently the number of peremptory challenges available to our appellant, at his trial on October 6, 1975, for violation of "The Controlled Substance, Drug, Device and Cosmetic Act", *supra,* was eight. The lower court did not err in so holding.

■ Secondly, appellant alleges that a certain answer of Commonwealth witness Norvil Ulrich of the Harrisburg Police Department, given during cross-examination by appellant's counsel, so prejudiced the jury against appellant as to prevent his having a fair trial:

Q. [by defense counsel] Never heard George Solomon's name as a drug pusher, did you?

A. [by witness Ulrich] No, sir, but I heard it now.

Mr. Dils (defense counsel) Objection, Your Honor, that's enough to prejudice this whole case and I ask—that was uncalled for. I ask for a withdrawal of the jury.

The Court: You asked the question.

Mr. Dils: I don't know what he hears now but that certainly isn't evidence in this case and for an experienced police officer to come out with a remark like that.

. . . . .

[The Court denied the motion for mistrial and instructed the jury]:

2. We note that the number of peremptory challenges has been changed by statute, Act of 1976, Oct. 7, P.L. 1089, No. 217, 19 P.S. § 811a, effective 90 days after enactment. This amending statute is of no import in the instant case.

The Court: . . . The defendant's counsel asked if the witness had ever heard of the defendant selling drugs and he indicated that he has heard something about it now. That is ambiguous perhaps as to what he is referring to now but I instruct you that the issue is whether or not the defendant on the dates of February 3rd and 5th made the sales to Brenda Townes [a police informant], not what people may have heard about him doing after that.

The challenged remark was not unresponsive to the broad assertion by defense counsel to the witness that the witness "*never* heard George Solomon's name as a drug pusher?" There was nothing unusual about the reply to the effect that the witness hadn't heard it in the past but was hearing it now (in the trial of the case just as the jury was now hearing it). We do not agree that the answer was prejudicial. Furthermore the trial judge gave immediate cautionary instructions to the jury which nullified any possible prejudicial misinterpretation of the witness's answer. The refusal to withdraw a juror and declare a mistrial was proper.

Judgments of sentence affirmed.

HOFFMAN and SPAETH, JJ., concur in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.